22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Evelyn M. WALLIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3430.
 United States Court of Appeals, Federal Circuit.
 March 14, 1994.
 
 Before RICH and LOURIE, Circuit Judges, and MILLS,* District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Evelyn M. Wallis petitions for review of a Merit Systems Protection Board (Board) decision, No. DE0831930147-I-1, affirming an Office of Personnel Management (OPM) reconsideration decision, denying her claim for a survivor annuity under the Civil Service Retirement Act (CSRA) following the death of her ex-spouse, Joseph W. Wallis. Because the Board's decision was not arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 Evelyn and Joseph Wallis were divorced in 1980 after being married for more than seventeen years. Joseph Wallis was a civilian employee with the Department of the Army. A divorce decree, negotiated by the parties, was entered by a court on April 24, 1980, and provided, in pertinent part, that
 
 
 3
 [Evelyn M. Wallis] shall receive one-half ( 1/2) of [Joseph W. Wallis's] vested retirement from Civil Service calculated on the proportion of time worked and time married to the date of the divorce hearing. [Joseph Wallis] has presently worked for Civil Service 21.3 years and the parties were married 17.5 years of that time.
 
 
 4
 Joseph Wallis applied for retirement from civil service on April 20, 1990, electing to receive a lump-sum payment without any reduction for survivor benefits. Although no copy of the divorce decree was filed with OPM, Joseph Wallis paid Evelyn Wallis the required portion of his retirement benefits on his own during his retirement. On May 30, 1992, Joseph Wallis committed suicide.
 
 
 5
 On July 9, 1992, Evelyn Wallis applied for a survivor annuity under the CSRA, submitting a copy of her divorce decree and the transcript of her divorce proceedings. By a decision dated August 25, 1992, maintained on reconsideration on December 9, 1992, OPM denied Ms. Wallis's application because the CSRA did not permit entitlement to a former spouse of a survivor annuity benefit based upon a divorce decree where the marriage had terminated prior to May 7, 1985. Thus, OPM explained, the only way that Ms. Wallis could have been entitled to such a benefit would have been if Mr. Wallis had elected to provide her with one when he retired, which he did not do. On April 27, 1993, the administrative judge (AJ) affirmed OPM's reconsideration decision. The AJ's decision became the final decision of the Board after Ms. Wallis failed to file a petition for review. See 5 C.F.R. Sec. 1201.113 (1993). Ms. Wallis petitioned this court for review of the Board's final decision.
 
 
 6
 We have jurisdiction to consider Ms. Wallis's petition under 5 U.S.C. Sec. 7703. Pursuant to Sec. 7703, we will hold unlawful and set aside any action, findings, or conclusions that are arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 7
 In the present appeal, Ms. Wallis claims she is statutorily entitled to a survivor annuity because, pursuant to 5 U.S.C. Secs. 8343a(d)(2) and 8341(h)(1), Mr. Wallis was not entitled to elect a lump-sum annuity when he had a living former spouse entitled to benefits under a divorce decree. However, with enumerated exceptions, Congress specifically provided that the statutory provisions upon which Ms. Wallis relies are applicable only to individuals who are married to an employee on or after May 7, 1985. See 5 U.S.C. Sec. 8341 note. The Wallises were divorced before May 7, 1985. Therefore, OPM was not authorized to pay an annuity to Ms. Wallis absent Mr. Wallis's election to provide one for her.
 
 
 8
 Ms. Wallis's brief also states that Mr. Wallis's election of a lump-sum benefit is void due to intentional false statements made by Mr. Wallis on his retirement application papers in violation of 18 U.S.C. Sec. 1001. The brief, certified by Ms. Wallis's attorney, states that Mr. Wallis lied on his "Statement Regarding Former Spouses" by responding in the negative to the question whether he had a living former spouse "from whom [he was] divorced on or after May 7, 1985 and to whom a court order gives a Civil Service survivor annuity." This was not a misstatement, however, since the Wallises were in fact divorced in 1980. This court does not take kindly to false accusations. Petitioner's attorney is strongly cautioned that papers filed with a court must be well-grounded in fact to the best of his knowledge, information, and belief, after reasonable inquiry.
 
 
 9
 On Mr. Wallis's "Alternative Annuity Election" form, he did falsely certify that he did not have a former spouse entitled by court order to receive a portion of his annuity. Nevertheless, since Ms. Wallis has not established that the payment of monies to her by OPM would have been authorized by statute if that statement had been accurate, we agree with the government that this misstatement was harmless.
 
 
 
 *
 Honorable Richard Mills, District Judge, United States District Court for the Central District of Illinois, sitting by designation